## FIRST SEC. TRUST CO. v. TRACY LOAN & TRUST CO. et al.

No. 6010.   Decided November 16, 1938.   (84 P. 2d 414.)

*Golden W. Robbins* and *Gerald Irvine,* both of Salt Lake City, for appellant.

*Romney & Nelson* and *E. L. Schoenhals,* all of Salt Lake City, for respondents.

LARSON, Justice.

An appeal from the District Court of Salt Lake County presenting two questions for review. Tersely stated they are: 1. Under the evidence was there a delivery to the grantee of a warranty deed executed by Clifford M. Jones et ux. as grantors to Esther Mary Jones as grantee? 2. If the deed was not delivered does the record establish that Clifford M. Jones received and held the property in trust for Esther Mary Jones? While many other questions are discussed, and appellant urges five different theories on which it seeks a reversal, they simmer down to these questions. The others are eliminated by the amendments to the pleadings made at the close of the evidence or by the facts stipulated into the record. We shall therefore discuss only the matters presented by the two questions above set out. We may state at the outset that no good or useful purpose could be subserved by setting forth in this opinion the evidence pro and con on the various issues. Such recitals could serve no advantage to the bench or the bar, would add nothing to the value of the opinion as precedent, and would only prolong the opinion, and afford room for minsconstruction and bickerings between counsel who may seek to find some comfort, consolation or advantage in the citation of this opinion in cases that may arise in future years. In passing upon questions of fact where evidence is in conflict and must be weighed the little details are usually the determinative factors whereas only the major highlights could be referred to by the court. We shall therefore not attempt to set forth the evidence. We have read the testimony several

times as well as examined all the exhibits and have the matters involved and pertinent to the issues clearly in mind.

This controversy grows out of the following setting: In March, 1932, Esther Mary Jones, a widow, was the owner of certain real property in Salt Lake City, also some shares of stock in the Utah Power & Light Company. On March 30, 1932, she made, executed and delivered to Clifford M. Jones, her son and only child, a warranty deed to ■ all the real property, which deed was promptly recorded. At the same time she made and executed a detachable assignment to Clifford M. Jones of the Utah Power & Light stock which was attached to the certificate. On the same date Clifford and his wife, Leda, executed a warranty deed made to Esther Mary Jones as grantee covering the real property. This last deed, which is the one in question here, was placed in an envelope on which was written the words:

"Memo: 3/30/32. This envelope contains Warranty Deed from Clifford M. Jones and Leda N. Jones in favor of Esther Jones properly executed on 3/30/32 to be recorded by Esther Jones in event of death or serious injury to Clifford M. Jones."

This envelope containing the deed together with the stock certificate with assignment attached were placed in a safety deposit box in Zion's Savings Bank, said box being then and for some time prior thereto had been in the name of "Esther Jones and Son." Clifford was accidentally killed Sept. 1, 1935 and Esther died October 26, 1935. Appellant contends that this deed had been delivered to Esther Mary Jones and the stock certificate had not been delivered to Clifford. There was no testimony with respect to delivery of either document except that it appears Clifford placed them in the safety deposit box, and Esther did not enter the box after 1930, about two years before the execution of the instrument. While the deed in question bears the same date as the deed to Clifford and the assignment of stock, there is no evidence that it was made or executed at the same time

or place, nor is there any evidence that Esther ever saw the deed in question or knew of its existence. The deed to Clifford and the assignment of stock are witnessed by A. C. Inman and Frank Hansen. The deed in question from Clifford and Leda to Esther is not witnessed at all, and the record shows Leda was not present when Esther executed her deed and assignment. There is no other evidence pertinent to the question of delivery. Since Clifford had the stock certificate with the assignment and placed it in the deposit box, and Esther never had it or saw it again, and since Clifford had the deed in question, placing it in the box, there being no evidence that Esther ever saw it, had it, or knew of its existence, we must conclude that the evidence sustains the court's finding that the stock was delivered to Clifford and that the deed in question was never delivered to Esther.

We come now to question 2, as to whether appellant proved that Clifford held the property in trust for Esther. Much of the record consists of painting scenery about the lives and business activities of Esther and of Clifford, but this is in no wise pertinent or helpful in answering the questions involved. There are statements showing that Clifford at times referred to the real property as his mother's property, and statements that she said she had deeded it to Clifford. All Clifford's dealing with the property after the deed to him was executed was in his own name. He remodeled it, insured, and listed it for sale and did other acts about as the absolute owner thereof. Without thrashing over the scattered bits of evidence we conclude they do not prove or establish a trust. We add that this is not an action by Esther or on her behalf to subject the property to a trust for her benefit nor has she any children to inherit from her. Her nearest heirs are a brother and children of deceased brothers and sisters. Clifford's wife, Leda, is the only heir entitled to inherit from Clifford and the dispute as to where the property goes is between persons who have no natural claim or claim to it by blood descent. It also savors of a fight as to who is to administer it.

Some assignments are made with respect to the admission and rejection of evidence. We have examined each of such assignments and find none that call for reversal or disturbing the judgment.

Respondent made a motion to dismiss the appeal. In view of the conclusion we arrive at, it is unnecessary to discuss or pass upon that motion.

The judgment of the trial court is affirmed. Costs to respondent.

FOLLAND, C. J., and HANSON, MOFFAT, and WOLFE, JJ., concur.